**THE PEOPLE OF THE TERRITORY OF GUAM**

v.

**MANON C. DALY, Defendant**

Criminal Case No. 35-78

Superior Court of Guam

May 12, 1978

ABBATE, *Presiding Judge*

This matter comes before the Court on defendant Manon C. Daly's Motion to Dismiss filed April 17, 1978, and ar-

gued on May 10, 1978. The motion was based on the argument that Guam's obscenity statute (Criminal and Correctional Code § 28.40 et seq.) does not contain a specific definition of prohibited sexual conduct as required by the Supreme Court decision in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607 (1973).

Initially it should be noted that defendant is correct in her assertion that the statute does not list specific sexual conduct. However, the comment makes clear that it was the intent of the Legislature that Guam's statute comply with standards as set by the U.S. Supreme Court.

The provisions set forth in this article relating to obscenity are believed to conform to standards presently set by the U.S. Supreme Court.

The question then for this court is whether the statute is capable of a construction so as to effectuate the intent of the Legislature. The proper considerations to be utilized in construction of a statute were well stated by the California Supreme Court in the case of *In re Haines*, 195 Cal. 605 at 613, 234 P. 883 at 886 where the court quoted with approval from Lewis Sutherland on Statutory Construction, 2d ed., Section 376:

The mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the Legislature apparent by the statute; and if the words are sufficiently flexible to admit of some other construction it is to be adopted. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.

The legislative intent was clearly that the obscenity statute conform with Supreme Court standards. An examination of the statute indicates that it does conform with the tripartite definition adopted in *Miller*.[1] However, as

---

[1] The Guam tripartite test includes a more stringent test than *Miller* requires since it retains the "utterly without redeeming social value" standard.

mentioned previously, it fails to include specific examples of sexual conduct as required by *Miller*. The court in *Miller* gave examples of what would be sufficiently specific conduct.

(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.

(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals. 93 S.Ct. at 2615.

In a case decided the same day as *Miller* the court noted that they were prepared to construe terms such as obscene, lewd, etc., in federal statutes as limited to patently offensive "hard core" sexual conduct given as examples in *Miller. United States v. 12 200 Ft. Reels of Super 8mm Film*, 413 U.S. 123, 93 S.Ct. 2665 at 2670 (1973).

If it can be found that the Legislature's adoption of the *Miller* tripartite standard impliedly adopted the examples given in *Miller* of specific conduct the statute herein involved will survive the constitutional challenge. In the case of *Eagle Books, Inc. v. Reinhard*, 418 F.Supp. 345 (U.S.D.C. Ill. 1976), it was held that a judicial incorporation of the tripartite scheme would not alone satisfy the specificity requirement. However, that case was vacated and remanded in light of *Ward v. Illinois*, 431 U.S. 767, 97 S.Ct. 2085 (1977), wherein it was held that it was an overly restrictive and unwarranted conclusion that the state court's adoption of the guidelines did not include the examples as well.

Based on the foregoing it is this court's construction of the instant statute that it includes by implication the examples of specific conduct given in *Miller v. California*, supra. Therefore, defendant was under adequate notice that her conduct might subject her to criminal prosecution.

Defendant's Motion to Dismiss is denied.

SO ORDERED.